IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COLLINS O. NYABWA,, <br> TDCJ-CID NO. 1729106, <br>     Petitioner, <br> v. <br><br> RICK THALER, <br>     Respondent. | § <br> § <br> § <br> §   CIVIL ACTION NO. H-12-1152 <br> § <br> § <br> § |

MEMORANDUM AND ORDER ON DISMISSAL

By this petition, *pro se* state inmate Collins O. Nyabwa has filed a federal habeas petition seeking relief under 28 U.S.C. §2254 for a 2011 conviction for three counts of improper photography in the 248th Criminal District Court of Harris County, Texas. (Docket Entry No.1).

CLAIMS

Petitioner was charged with three counts of improper photography in cause numbers 1266052, 1266053, and 1266054 on April 5, 2010. TDCJ-CID website.[1] In February 2011, while detained in the Harris County Jail, petitioner filed three state pre-trial habeas applications in the 248th Criminal District Court of Harris County, Texas, challenging the facial validity of section 21.15(b)(1) of the Texas Penal Code, the statute under which he was charged. Ex parte Nyabwa, 366 S.W.3d 710 (Tex. Crim. App. 2012). In March 2011, the 248th Criminal District Court denied the applications; petitioner appealed the denial orders. Ex Parte

---

1  http://offender.tdcj.state.tx.us/POSdb2/offenderDetail.action?sid=08894687 (viewed May 15, 2012).

Nyabwa, 366 S.W.3d 719 (Tex. App.-Houston [14th Dist.] 2011). In July 2011, petitioner entered a guilty plea to the three counts of improper photography. (Docket Entry No.1). He was sentenced on July 29, 2011, to one year confinement in a state jail facility on each count; the sentences were to run concurrently. (Id.).

On December 13, 2011, the Fourteenth Court of Appeals issued an opinion affirming the denial of petitioner's state pre-trial writs of habeas corpus.. Id. On March 28, 2012, the Texas Court of Criminal Appeals refused his petition for discretionary review from this Order. Ex parte Nyabwa, 366 S.W.3d 710 (Tex. Crim. App. 2012). Petitioner indicates that he mailed an Article 11.07 state habeas application pursuant to the 248th Criminal District Court on March 30, 2012, but has not yet received a response from the court. (Docket Entry No.1).

Public records show that petitioner filed a post-conviction writ in state district court on May 1, 2012. Office of the Harris County Clerk.[2] The state habeas writs were mailed to the Texas Court of Criminal Appeals on August 9, 2012. Id. The three state habeas writs were received in the Texas Court of Criminal Appeals on August 16, 2012, and are now pending before the Texas Court. Texas Courts Online.[3]

---

2 See http://www.hcdistrictclerk.com/edocs/public/CaseDetails.aspx?Get=0zkmijXIVX5N+x6U. (viewed September 18, 2012).

3 See http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=289835; http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=289834; and, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=289833. (viewed September 18, 2012).

Petitioner executed the present habeas action on April 11, 2012. (Id., page 10). He prays that this Court strike his conviction on grounds that Section 21.15(b)(1) of the Texas Penal Code violates the Constitution; he also seeks an order to release him from prison. (Id., page 7).

## DISCUSSION

At the time petitioner filed the present habeas action, he was in the custody of the State of Texas pursuant to a conviction and judgment for violating a state penal statute. Because he challenges the validity of his conviction, his claims arise under 28 U.S.C. § 2254(a) and not 28 U.S.C. § 2241.

Under § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. Coleman v. Thompson, 501 U.S. 722 (1991). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. Castille v. Peoples, 489 U.S. 346 (1989); Fisher v. State, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254 (b)(1)(B).

Neither the petition nor public records show that petitioner

3

filed a direct appeal from his conviction or that the Texas Court of Criminal Appeals has taken any action on petitioner's recently-filed Article 11.07 state habeas applications. Because state process remains available, petitioner does not satisfy any statutory exception to the exhaustion doctrine. Accordingly, this case is subject to dismissal for failure to exhaust.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted); Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beazley, 242 F.3d at 263 (quoting Slack, 529 U.S. at 484); see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring

4

further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be denied.

## CONCLUSION

Based on the foregoing, the Court ORDERS:

1. Petitioner's federal habeas action is DISMISSED WITHOUT PREJUDICE for failure to exhaust.

2. A certificate of appealability is DENIED.

3. All pending motions are DENIED.

The Clerk will provide a copy of this Order to the parties.

Signed at Houston, Texas, on September 22, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE