United States District Court
Southern District of Texas
**ENTERED**
July 14, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLLINS O. NYABWA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-12-1152 |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, Correctional | § | |
| Institutions Division,[1] | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge in this federal habeas corpus proceeding that has been referred by the District Judge pursuant to 28 U.S.C. § 636(b)(1)[2] is Petitioner's § 2254 Application for Writ of Habeas Corpus (Document No. 1), Petitioner's Motion for "Declaration of Actual/Factual Innocence" (Document No. 70), Petitioner's Motion for Summary Judgment (Document Nos. 86 & 87), and Respondent's Motion to Dismiss Pursuant to 28 U.S.C. § 2254(b) (Document No. 88). Having considered the parties' briefing, Respondent's concessions that Petitioner has exhausted his state law remedies for the claim contained in his § 2254 application and that he is entitled to relief on that claim given the Texas Court of Criminal Appeals' ruling in *Ex Parte Thompson*, 442 S.W.3d

---

[1] Lorie Davis, the new Director of the Texas Department of Criminal Justice, Correctional Institutions Division, is substituted as Respondent. *See* FED. R. CIV. P. 25(d).

[2] Insofar as Petitioner seeks the recusal of the undersigned Magistrate Judge with his "Recusal Motion" (Document No. 79), such motion is denied. Petitioner complains about the delay in deciding this case, and attributes much of it to the undersigned. The record, however, shows that Petitioner has substantially contributed to the delay and has undermined the efforts of counsel appointed to assist him. As nothing in the record evidences any bias or partiality on the part of the undersigned that has affected either the progression of this case or Petitioner's claim to relief, there is no basis for recusal.

325, 350 (Tex. Crim. App. 2014) (holding that section 21.15(b)(1) of the Texas Penal Code "is unconstitutional on its face in violation of the Free Speech clause of the First Amendment"), and the procedural history of this case, the Magistrate Judge ORDERS, for the reasons set forth below, that Petitioner's Motion for Declaration of Actual/Factual Innocence (Document No. 70),which is construed herein as a request for leave to amend, is DENIED, and RECOMMENDS, for the reasons set forth below, that Respondent's Motion to Dismiss (Document No. 88) be DENIED, and Petitioner's § 2254 Application (Document No. 1), which challenges the constitutionality of section 21.15(b)(1) of the Texas Penal Code on First Amendment grounds, and Petitioner's related Motion for Summary Judgment (Document Nos. 86 & 87) be GRANTED and Petitioner's convictions for improper photography under section 21.15(b)(1) of the Texas Penal Code be set aside and/or vacated.

Petitioner Collins O. Nyabwa ("Nyabwa") filed this § 2254 application on April 12, 2012, while he was in custody on three convictions for improper photography in cause nos. 1266052, 1266053, and 1266054, for which he was sentenced to three concurrent terms of one year imprisonment. Shortly after his § 2254 application was filed, Nyabwa completed his sentence and was released from custody.[3] In addition, over two years after his application was filed and he completed his sentence, the Texas Court of Criminal Appeals decided the case of *Ex Parte Thompson*, striking down, as facially unconstitutional, section 21.15(b) of the Texas Penal Code.

---

[3] The jurisdictional "custody" requirement of 28 U.S.C. § 2254 is met in this case because Nyabwa was in custody, serving his one year sentence, at the time his § 2254 application was filed. In addition, notwithstanding the subsequent expiration of Nyabwa's sentence, his claim challenging the constitutionality of the statute pursuant to which he was convicted still presents a case-or-controversy and is not moot. *See Spencer v. Kemna*, 523 U.S. 1 (1998) (case and controversy discussion).

2

As acknowledged by both sides, the statutory provision found unconstitutional in *Thompson* – section 21.15(b)(1) of the Texas Penal Code – is the same statute pursuant to which Nyabwa was convicted of improper photography. On November 12, 2014, Nyabwa was appointed counsel to assist him (Document No. 59), and this case was subsequently stayed by agreement of the parties to allow Nyabwa to seek relief in the state courts (Document No. 67) – relief which Respondent conceded was warranted, and which Respondent represented was being routinely granted to state habeas petitioners seeking relief under *Ex Parte Thompson*. Those state court efforts, however, proved fruitless for Nyabwa two reasons: (1) Nyabwa voluntarily dismissed the state applications for writ of habeas corpus his attorney filed for him, *see Ex Parte Nyabwa*, 2015 WL 1542355 (Tex. Crim. App. Apr. 1, 2015) ("On February 25, 2015, the trial court signed findings of fact and conclusions of law recommending that relief be granted because the statute Applicant was found to have violated has been declared unconstitutional by this Court. *Thompson v. State*, 442 S.W.3d 325 (Tex. Crim. App. 2014). However, on December 31, 2014, Applicant had filed a motion to withdraw these applications. These applications are dismissed based on Applicant's motion to withdraw."); and (2) Nyabwa filed new, *pro se* state applications for writ of habeas corpus, which did not contain "collateral consequences" allegations for jurisdictional purposes, and which applications were dismissed by the Texas Court of Criminal Appeals without prejudice on that basis. *See Ex Parte Nyabwa*, Application Nos. 76,991-09, -10, -11 (DISMISSED. SENTENCE DISCHARGED. *See Ex parte Harrington*, 310 S.W.3d 452 (Tex. Crim. App. 2010)"); (Document No. 83-6 at 58; Document No. 83-7 at 58; Document No. 83-8 at 58).

Upon the dismissal of Nyabwa's *pro se* state applications for writ of habeas corpus, the stay of this case was lifted, and, given Nyabwa's expressed dissatisfaction with counsel and counsel's

3

representation that irreconcilable differences had arisen, counsel was allowed to withdraw. Following the lifting of the stay on April 4, 2016, and the withdrawal of counsel on May 19, 2016, Nyabwa filed a Motion for Summary Judgment, and Respondent, in response, filed a Motion to Dismiss. In that motion to Dismiss, Respondent argues that Nyabwa has still not exhausted his state law remedies because any claim by Nyabwa that he is "actually innocent" has not been fairly presented to, or ruled upon, by the state courts. As for Nyabwa's claim in his § 2254 application, challenging the constitutionality of § 21.15(b)(1) of the Texas Penal Code, Respondent now concedes that Nyabwa has exhausted his state law remedies with respect to that claim. *See* Respondent's Response to Petitioner's Amended Answer (Document No. 91) at 2 ("First, the Director agrees that Nyabwa has "fairly presented" his claim that section 21.15(b)(1) of Penal Code (Section 21.15(b)(1)) is unconstitutional to the Court of Criminal Appeals.").

Given Respondent's concessions that Nyabwa is entitled to relief on his claim that section 21.15(b)(1) of the Texas Penal Code, the statute under which he was convicted, is unconstitutional, *see* Respondent's Motion to Dismiss (Document No. 88) at 4 ("The Director has indicated that he will not defend the constitutionality of the statute because the Court of Criminal Appeals has found it unconstitutional."), and that Nyabwa has exhausted his state law remedies with respect to that claim, the only issue in contention appears to be whether Nyabwa has a claim of "actual innocence" in this § 2254 proceeding.[4] Because the undersigned concludes, for the reasons set forth below, that

---

[4] Nyabwa on the one hand contends that he has a claim, and is entitled to a declaration, that he is actually innocent. In his latest filing, however, Nyabwa appears to maintain that his claim is, and always has been, a challenge to the constitutionality of section 21.15(b)(1) of the Texas Penal Code. *See* Petitioner's Answer to State's 6/24/2016 Response (Document No. 92) at 2 ("The record is clear that petitioner's SOLE LEGAL GROUND for federal habeas relied was facial invalidity of § 21.15(b)(1).").

4

Nyabwa did not raise an "actual innocence" claim in his § 2254 application, has not been granted leave to amend his § 2254 application, and should not be granted leave to amend his § 2254 application to assert an actual innocence claim, Nyabwa is, as conceded and acknowledged by Respondent, entitled to relief on the only claim pending in this § 2254 proceeding – that the unconstitutionality of section 21.15(b)(1) of the Texas Penal Code renders his convictions for improper photography under that statute invalid.

In the § 2254 application that was filed in April 2012, Nyabwa alleged that the statute under which he was convicted of three counts of improper photography, section 21.15(b)91) of the Texas Penal Code, was facially unconstitutional under the First Amendment. (Document No. 1 at 6). No mention was made in that § 2254 application that he was "actually innocent." Instead, the actual innocence allegations were not made by Nyabwa until 2014, after the *Thompson* case was decided, and in connection with a "Motion for Declaration of Innocence" he filed (Document No. 55). That motion was denied without prejudice when the case was stayed. A subsequent "Motion for Declaration of Actual/Factual Innocence" (Document No. 70) was filed by Nyabwa *pro se* on February 25, 2016. Such a motion, viewed as a request by Nyabwa to amend his § 2254 application, should, and will be, denied.

Under FED. R. CIV. P. 15(a)(2), which is applicable to § 2254 proceedings through Rule 12 of the Rules Governing Section 2254 Cases, leave to amend should be given freely "when justice so requires." Here, justice weighs clearly and heavily against amendment. At every turn Nyabwa has complained of the delay in getting his constitutional claim adjudicated. At the same time, however, he has thwarted his appointed counsel's efforts to assist him in the state habeas proceedings and has, thereby, participated in the delay about which he complains. The addition of

a new claim of actual innocence at this date, coupled with the fact that Nyabwa has not exhausted his state law remedies with respect to that claim, and possibly may not, in any event, be able to prevail on a stand-alone "actual innocence" claim in a § 2254 proceeding such as this, *Graves v. Cockrell*, 351 F.3d 142, 151 (5th Cir. 2003), convinces the undersigned that leave to amend should not be allowed. Therefore, Nyabwa's "Motion for Declaration of Actual Innocence" (Document No. 70), which is construed as a motion for leave to amend his § 2254 application, is DENIED.

As for the relief requested by Nyabwa in his § 2254 application – that his convictions be set aside based on the unconstitutionality of the statute under which he was convicted – such relief is available and warranted herein. Respondent has made it clear that Nyabwa is entitled to relief on his claim, and the 248th District Court of Harris County, Texas, has also recommended that relief be granted. *Ex parte Nyabwa*, Application Nos. -06, -07, -08 (dismissed upon Nyabwa's *pro se* motion)[5] (Document No. 83-3 at 28-32; Document No. 83-4 at 31-35; Document No. 83-5 at 28-32). Respondent has also now made it clear that Nyabwa's constitutional challenge to the statute pursuant to which he was convicted has been exhausted. Given the nature of Nyabwa's constitutional claim, the Texas Court of Criminal Appeals' decision in *Thompson* that section 21.15(b)(1) of the Texas Penal Code is facially unconstitutional, and Respondent's concessions and acknowledgments that Nyabwa has exhausted his constitutional claim challenging section 21.15(b)(1) of the Texas Penal Code and is entitled to relief on that claim, the Magistrate Judge

RECOMMENDS that Petitioner's § 2254 Federal Application for Writ of Habeas Corpus (Document No. 1) and Petitioner's Motion for Summary Judgment (Document Nos. 86 & 87) be

---

[5] Tellingly, the record shows that Nyabwa decided to "withdraw" the state applications for writ of habeas corpus that appointed counsel filed for him because he wanted monetary compensation. (Document No. 83-3 at 27).

GRANTED, that Respondent's Motion to Dismiss (Document No. 88) be DENIED, and that Petitioner Collins O. Nyabwa's convictions for improper photography in the 248th District Court of Harris County, Texas, cause nos. 1266520m, 1266053, and 1266054, be vacated and/or otherwise set aside.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 13th day of July, 2016.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE